PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| COLLYER GOODMAN, | ) | |
| | ) | CASE NO.  4:20CV1040 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 1] |

Pending is an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by *pro se* petitioner Collyer Goodman.  Goodman, a federal prisoner, seeks release to home confinement due to the COVID-19 outbreak at Federal Correctional Institution, Elkton ("FCI Elkton") in Lisbon, Ohio, where he is incarcerated.[1]  ECF No. 1.  For the reasons that follow, the petition is denied and dismissed without prejudice.

**I. Background**

According to the petition, the COVID-19 infection is rampant at FCI Elkton and the Federal Bureau of Prisons' ("BOP") response to the outbreak is inadequate and fails to comply with public health guidelines for COVID-19 prevention.  *Id.* at PageID #: 3.  Goodman claims he is at greater risk of contracting COVID-19 because he has asthma and is a cancer survivor.  *Id.* at PageID #: 5.  Petitioner contends that the BOP has failed to protect his health and safety during

---

[1]  According to the Bureau of Prisons Inmate Locator, Defendant is currently incarcerated at FCI Elkton. *See* bop.gov/inmateloc/, (last accessed October 7, 2020).  His anticipated release date is May 2, 2025.  *Id.*

(4:20CV1040)

the COVID-19 outbreak at FCI Elkton, and that failure violates his rights under the Eighth

Amendment of the United States Constitution.  *Id.*

Shortly after he filed the instant action, Goodman was identified by the BOP as a member

of a medically-vulnerable subclass in a preexisting case before another District Judge of this

Court concerning COVID-19 among the inmates at FCI Elkton.  *See Wilson v. Williams*, No.

4:20-CV-00794 ("*Wilson* Case"), ECF No. 35-1 (N.D. Ohio Apr. 30, 2020).[2]

## II. Discussion

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of Goodman's

petition.  *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  *Pro se*

pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must

be liberally construed.  *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551

(1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652

(1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are

entitled to liberal construction) (citations omitted).  This principle of liberal construction applies

to petitions for a writ of habeas corpus.  *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A petition will be denied "if it plainly appears from the petition … that the petitioner is not

entitled to relief."  Rule 4 of Rules Governing § 2254 Cases in the United States District Courts

(applicable to § 2241 petitions pursuant to Rule 1(b)).

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners

---

[2] "Federal courts may take judicial notice of proceedings in other courts of
record." *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980).

2

(4:20CV1040)

being held "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).  A § 2241 petition " is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served. " *Wilson,* 2020 WL 1940882, at *5 (quoting *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001)), *vacated on other grounds by* 961 F.3d 829 (6th Cir. 2020).

Goodman's petition is subject to dismissal because this action is duplicative of the *Wilson* Case.  Goodman has been identified by the BOP as a member of a medically-vulnerable subclass of inmates.  As a member of that subclass, he seeks the same relief that he seeks in the instant petition.  *Wilson*, 2020 WL 1940882, at *6 (Members of the medically-vulnerable subclass "do not seek a commutation of their sentences, but rather to serve their sentences in home confinement, parole, or in half-way houses at least until the risk of the virus has abated.").

Both the grounds for the petition and relief sought by Goodman here are essentially the same as the pending habeas corpus action concerning the medically-vulnerable FCI Elkton inmates in the *Wilson* Case.  Accordingly, the instant petition is dismissed without prejudice as it is duplicative of the *Wilson* Case.[3]  *See  Davis v. U.S. Parole Com'n*, 870 F.2d 657, 1989 WL 2537 at *1 (6th Cir. 1989) (table) (a district court may dismiss a habeas petition as duplicative, when the petition is "essentially the same" as a previously-filed pending petition).

---

[3]  The undersigned is not the only judge in this District to have faced this issue, that an individual *habeas* matter is duplicative of the *Wilson* case.  *See Evans v. Williams*, No. 4:20 CV 1415, 2020 WL 3886697, at *2 (N.D. Ohio July 8, 2020 (ruling "Evans' COVID-19 claim in the instant petition is duplicative of the [*Wilson*] Case where, as a member of the Vulnerable Subclass, he seeks the same relief for the same reasons that he seeks here.  Accordingly, Evans' petition as it relates to COVID-19 is dismissed without prejudice as duplicative of the [*Wilson*] Case.").

(4:20CV1040)

### III.  Conclusion

For all the foregoing reasons, the petition is dismissed without prejudice to re-refiling

upon a showing of appropriate circumstances, pursuant to Rule 4 of the Rules Governing Habeas

Corpus Cases in the United States District Courts.  The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 October 13, 2020                          /s/ *Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                           United States District Judge

4